UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GERAMH THIERRY | § | C.A. NO. 3:24-cv-0004 |
| | § | |
| VS. | § | |
| | § | |
| W&T OFFSHORE, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Geramh Thierry ("Plaintiff"), complaining of Defendant W&T Offshore, Inc. ("Defendant"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1     Plaintiff Geramh Thierry, is a U.S. citizen and resident of Louisiana.

1.2     Defendant W&T Offshore, Inc. is a Texas corporation with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. JURISDICTION

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*

### III. VENUE

3.1 Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendant resides in this District.

### IV. FACTS

4.1 On or about September 4, 2023, Plaintiff was employed by Z.E. Services, LLC and was working as a tank cleaner onboard Defendant's offshore platform located at HI-A379-B in the Gulf of Mexico. As Plaintiff was performing his duties, he was seriously injured when the equipment he was using to clean a tank pulled him into the tank. Plaintiff fell head first into the tank with such violence that he lost consciousness and suffered other severe injuries.

### V. CAUSE OF ACTION

A. **NEGLIGENCE AND GROSS NEGLIGENCE**

5.1 As stated above, on or about September 4, 2023, Plaintiff sustained severe and disabling injuries while on Defendant's offshore platform located in Block A379 of the High Island section of the Gulf of Mexico.

5.2 Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendant, its agents, servants and/or employees who were acting in the course and scope of their employment for Defendant at all times material to this cause of action.

5.3 Defendant is liable for the subject accident and Plaintiff's injuries and resultant damages by reason of its negligence, gross negligence, and/or conditions attributable to it, directly

and/or vicariously, by and through its agents, representatives and/or employees, in one or more of the following particulars, among others:

    (a)    failing to ensure the premises was free from hazards;

    (b)    failing to properly maintain the platform and/or ensure it was free from defect;

    (c)    failing to ensure the safety of workers aboard the platform;

    (d)    failing to perform all operations in a safe and work-like manner;

    (e)    failing to ensure that proper safety measures were taken to make the work site safe for the operation to be performed by Plaintiff prior to issuing a permit to work;

    (f)    failing to ensure that proper fall protection was in use in conjunction with the work performed by Plaintiff;

    (g)    pressuring Plaintiff and his employer to perform their work at any unsafe pace; and

    (h)    other acts and omissions that will be shown at the time of trial herein.

5.4    Plaintiff would further show that Defendant had custody or control of the platform, and was responsible for maintaining the platform in a reasonably safe condition and free from hazards that would expose the Plaintiff to injury.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1    As a result of these occurrences and the negligence and/or gross negligence of Defendant, Plaintiff sustained severe and disabling injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendant include compensation for the following:

(a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e) loss of earnings sustained by Plaintiff from the date of injury to time of trial;

(f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) past and future physical impairment; and

(k) any other damage to which Plaintiff is entitled under applicable law.

## VII.  INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendant summoning it to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendant for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; pre-judgment and post-judgment interest; attorneys' fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marc E. Kutner*
Marc E. Kutner
SBN 11770575 / SDTX ID 6238
mkutner@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   (713) 653-5600
Facsimile:   (713) 653-5656

ATTORNEY FOR PLAINTIFF